IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MCCAFFREE FINANCIAL CORP. ON BEHALF OF THE MCCAFREE[1] FINANCIAL CORP. EMPLOYEE RETIREMENT PROGRAM, on behalf of a class of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 4:14-cv-00102-SMR-HCA<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION |

This Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in every case; in other words, that it has the power to hear the case. *See United States v. Cotton,* 535 U.S. 625, 630 (2002); *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Plaintiff McCaffree Financial Corp., as administrator of the McCaffree Financial Corp. Employee Retirement Program ("McCaffree Plan"), filed a Class Action Complaint against Defendant Principal Life Insurance Company. [ECF No. 1]. Plaintiff purports to bring a class action on behalf of the participants and beneficiaries of the McCaffree Plan and as a representative on behalf of all participants and beneficiaries of all defined-contribution retirement plans subject to the Employee Retirement Income Security Act ("ERISA") that invested in "Separate Accounts"

---

[1]The Court notes that Plaintiff appears to have misspelled this name in the Class Action Complaint.

offered by Principal during the relevant time period. Class Action Compl., ¶ 10. Jurisdiction is premised on 28 U.S.C. § 1331 "because this case arises under federal law, ERISA, specifically 29 U.S.C. § 1132(a)." *Id.* ¶ 11. Plaintiff also alleges that this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e). *Id.*

## I. CONSTITUTIONAL STANDING

Article III Constitutional standing is a jurisdictional issue. *Iowa League of Cities v. Envtl. Prot. Agency*, 711 F.3d 844, 869 (8th Cir. 2013) (citation omitted). Thus, federal courts are required to examine it sua sponte. *United States v. Hays*, 515 U.S. 737, 742 (1995) (quotation omitted). "To show standing under Article III of the U.S. Constitution, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the challenged conduct, and (3) the likelihood that a favorable decision by the court will redress the alleged injury." *Iowa League of Cities*, 711 F.3d at 869 (quotation omitted). Standing is to be determined as of the commencement of the suit. *Id.* (quotation omitted).

Here, the Court questions whether Plaintiff satisfies the requirements for Constitutional standing. For example, the Complaint does state that "Plaintiff and the members of the Class were injured" in certain ways, Class Action Compl. ¶¶ 60, 68, 76, but the facts section appears to allege injury to the participants and beneficiaries, rather than to Plaintiff itself. *See, e.g., id.* ¶ 39. While in some circumstances associational standing or representational standing may be asserted, *see Warth v. Seldin*, 422 U.S. 490, 511 (1975), Plaintiff has not shown that either of these applies.

## II. STATUTORY STANDING

Plaintiff alleges that it is administrator of the McCaffree Plan. Class Action Compl., ¶ 1. Counts I, II, and III each purport to bring claims under 29 U.S.C. §§ 1132(a)(2) and (a)(3). *Id.*

¶¶ 61, 62, 69, 70, 77, 78. The statutory language provides that a § 1132(a)(2) action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary," not an administrator. 29 U.S.C. § 1132(a)(2). A § 1132(a)(3) action may be brought "by a participant, beneficiary, or fiduciary," not an administrator. 29 U.S.C. § 1132(a)(3). Pursuant to 29 U.S.C. § 1132(e)(1), "district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 101(f)(1)." An administrator is not among the entities listed.

The United States Court of Appeals for the Eighth Circuit has stated: "[t]o bring a civil action under ERISA, a plaintiff must have . . . statutory standing." *Hastings v. Wilson*, 516 F.3d 1055, 1060 (8th Cir. 2008) (quotation and citation omitted). "To have statutory standing under ERISA for a breach of fiduciary duty claim, a plaintiff must be 'a participant, beneficiary or fiduciary' of the ERISA plan." *Id.* (quoting 29 U.S.C. § 1132(a)(2)). The same reasoning would apply to have statutory standing on a § 1132(a)(3) claim. In *Hastings*, the named plaintiffs sought to bring a class action, but because they were not participants, beneficiaries, or fiduciaries of the "Pilot Plan," they lacked standing to bring claims on behalf of the Pilot Plan participants and beneficiaries. *Id.* at 1061. In other words, "no plaintiff may represent a class of similarly situated persons unless he first has standing to bring a claim of his own." *In Re Principal United States Prop. Account ERISA Litig.*, 274 F.R.D. 649, 655 (S.D. Iowa 2011) (citations omitted).

Although there may be room for debate as to whether the lack of statutory standing is jurisdictional, several district courts within the Eighth Circuit have held that they lacked subject matter jurisdiction over complaints brought by plaintiffs who were not among the enumerated entities in the statute. *See, e.g., In re Express Scripts, Inc., PBM Litig.*, Master Case No. 4:05-MD-

01672-SNL, Member Case No. 4:05-CV-00862 SNL, 2007 U.S. Dist. LEXIS 90470, at *36 (E.D. Mo. Dec. 7, 2007) (unpublished) (purported class action brought by plaintiff assumed to be an employee welfare benefit plan, but court stated that it lacked subject matter jurisdiction (citation omitted)); *Minn. Laborers Health & Welfare Fund v. Greenworks, Inc.,* No. 03-888 (PAM/RLE), 2003 U.S. Dist. LEXIS 10794, at *6-7 (D. Minn. June 20, 2003) (unpublished) (court lacked subject matter jurisdiction over complaint brought by employee benefit plans); *cf. Century Planners, Ltd. v. Teamsters & Emp'rs Welfare Trust of Ill.*, 718 F. Supp. 1439, 1441 (E.D. Mo. 1989) (administrator did not have standing to bring case under ERISA, and providing leave to assert diversity jurisdiction). Even prior to these cases, the United States Supreme Court stated:

> ERISA carefully enumerates the parties entitled to seek relief under § [1132]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case. A suit for similar relief by some other party does not "arise under" that provision.

*Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 27 (1983).

Here, the Complaint does not indicate how Plaintiff may bring an ERISA action as the administrator. Federal Rule of Civil Procedure 9(a)[2] requires that capacity be pled where required to show jurisdiction. "[C]ertain actions brought pursuant to [ERISA] are within the exclusive jurisdiction of the federal district courts if brought by a participant, beneficiary, or fiduciary. In order to satisfy Rule 9(a), ERISA complaints must contain specific allegations that the plaintiff is suing as a participant, beneficiary, or fiduciary." 2 James Wm. Moore et al., Moore's Federal

---

[2]"Except when required to show that the court has jurisdiction, a pleading need not allege:
(A) a party's capacity to sue or be sued;
(B) a party's authority to sue or be sued in a representative capacity; or
(C) the legal existence of an organized association of persons that is made a party."

Fed. R. Civ. P. 9(a)(1).

Practice § 9.02[2][b] (3d ed. 2013). The Court questions whether Plaintiff has the capacity and statutory standing to sue, and in turn, whether this Court has federal subject matter jurisdiction.

### III. CONCLUSION

For these reasons, Plaintiff shall, by not later than **May 14, 2014,** show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. The parties are reminded that standing is to be determined as of the commencement of the suit. Defendant shall have until **May 21, 2014**, to file a response, if it so chooses. Plaintiff shall have until **May 28, 2014**, to file a reply, if it so chooses. If Plaintiff fails to respond to this Order, or if following briefing the Court believes that a lack of federal subject matter jurisdiction exists, the case will be dismissed.

IT IS SO ORDERED.

Dated this 30th day of April, 2014.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE