UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MCCAFFREE FINANCIAL CORP. ON BEHALF OF THE MCCAFFREE FINANCIAL CORP. EMPLOYEE RETIREMENT PROGRAM, on behalf of a class of those similarly situated,<br><br>           Plaintiff,<br><br>  vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>           Defendant. | Case No. 4:14-cv-102-SMR |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF FEDERAL <u>SUBJECT MATTER JURISDICTION (DE 29)</u>**

**I.    <u>INTRODUCTION</u>**

Plaintiff McCaffree Financial Corp. ("McCaffree") submits this response to the Court's Order to Show Cause Why Complaint Should Not be Dismissed for Lack of Federal Subject Matter Jurisdiction, entered April 30, 2014 (DE 29) ("Order to Show Cause"). McCaffree has adequately alleged standing to sue as a "fiduciary" under the Employee Retirement Income Security Act ("ERISA"), both because: (1) the Complaint alleges that McCaffree is the "administrator" of the McCaffree Financial Corp. Employee Retirement Program ("McCaffree Plan") and as such it is necessarily an ERISA fiduciary with respect to that Plan; and (2) the Complaint alleges that McCaffree entered into a contract with Defendant Principal Life Insurance Company ("Principal") under which Principal served as a fiduciary of the McCaffree Plan, and selecting and retaining a plan fiduciary are by themselves fiduciary acts. Thus,

1

McCaffree has standing under both ERISA and Article III and this Court has federal subject matter jurisdiction of this action.

## II.     SUMMARY OF RELEVANT ALLEGATIONS

This action arises under ERISA. McCaffree alleges that Principal has violated several provisions of ERISA by charging grossly excessive investment management and other fees to participants in the McCaffree Plan and participants in other ERISA-governed defined-contribution retirement plans in connection with Principal's "Separate Account" investment products. Compl. ¶ 1.

McCaffree expressly brings this action as administrator of the McCaffree Plan. Compl. at ¶¶ 1 & 4. McCaffree is also the sponsor of the McCaffree Plan. *Id.* at ¶ 4. As administrator of the McCaffree Plan, McCaffree is party to a Group Annuity Contract with Principal by which Principal provides investment management services to participants in the McCaffree Plan in exchange for various fees and charges. *Id.* at ¶¶ 5 & 13.

As administrator of the McCaffree Plan, McCaffree brings claims under 29 U.S.C. § 1132(a)(2) and (a)(3) for Principal's violations of 29 U.S.C. § 1104(a)(1)(A) (duty of loyalty), 29 U.S.C. § 1104(a)(1)(B) (duty of prudence), and 29 U.S.C. § 1106(b)(1) (prohibited transactions). Compl. at ¶¶ 52-78. McCaffree seeks damages and injunctive relief on behalf of both the participants and beneficiaries of the McCaffree Plan and participants and beneficiaries of other ERISA-governed defined-contribution retirement plans that invested in Principal Separate Accounts. Compl. at ¶ 3.

### III. ARGUMENT

#### A. As Administrator of the McCaffree Plan, McCaffree is Necessarily a Fiduciary of that Plan

As set forth above, the Complaint alleges that McCaffree is the "administrator" of the McCaffree Plan. Compl. at ¶¶ 1 & 4. "Administrator" is a defined term under ERISA. Administrator means, in relevant part, "(i) the person specifically so designated by the terms of the instrument under which the plan is operated" or "(ii) if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16)(A). Under ERISA, a plan administrator has a wide variety of express powers and duties relating to administration of the plan, for example: (1) providing summary plan descriptions and other disclosures to plan participants and beneficiaries and filing reports and notices with the Department of Labor, 29 U.S.C. § 1021; (2) providing statements of account to plan participants and beneficiaries, 29 U.S.C. § 1025; and (3) making determinations relating to domestic relations orders, 29 U.S.C. § 1056(d).

Formal guidance promulgated by the Department of Labor recognizes that plan *administrators* are necessarily plan *fiduciaries*:

> D-3 Q: Does a person automatically become a fiduciary with respect to a plan by reason of holding certain positions in the administration of such plans?
>
> A: Some offices or positions of an employee benefit plan by their very nature require persons who hold them to perform one or more of the functions described in section 3(21)(A) of the Act. For example, a *plan administrator* … must, be [sic] the very nature of his position, have 'discretionary authority or discretionary responsibility in the administration' of the plan within the meaning of section

> 3(21)(A)(iii) [29 U.S.C. § 1002(21)(A)(iii)]¹ of the Act. *Persons who hold such positions will therefore be fiduciaries.*

Dep't of Labor Interpretive Bulletin 750-8, 29 C.F.R. § 2509.75-8 (1995) (emphasis added). *See also Herman v. Mercantile Bank, N.A.*, 137 F.3d 584, 586 (8th Cir. 1998) (citing portion of 29 C.F.R. § 2509.75-8 quoted above in finding that defendant who served as the "designated health plan administrator and trustee" was an ERISA fiduciary); *Bouboulis v. Transp. Workers Union of America*, 442 F.3d 55, 63 (2d Cir. 2006) (union listed as "plan administrator" in plan documents was a "fiduciary by virtue of being a Plan Administrator"); *Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 141 (2d Cir. 1997) (ERISA gives plan administrator standing to sue as a fiduciary under 29 U.S.C. § 1132(e)(1) and district court therefore had jurisdiction over ERISA claim by plan administrator).

As plan administrator, McCaffree is also a plan fiduciary. As such, it has standing to sue under 29 U.S.C. § 1132(a)(2) and (a)(3).

The cases cited in the Order to Show Cause do not conflict with finding that a plan administrator is an ERISA fiduciary with standing to sue under Section 1132(a)(2) and (a)(3). *Hastings v. Wilson*, 516 F.3d 1055 (8th Cir. 2008) involved plaintiffs who sought to represent a class of participants and beneficiaries in two ERISA plans, the IAM Plan and the Pilot Plan. The court first held that it lacked jurisdiction over the IAM Plan claims because such claims were preempted by the Railroad Labor Act's mandatory arbitration provisions and second that it lacked jurisdiction over the Pilot Plan claims because the named plaintiffs were not participants,

---

¹ 29 U.S.C. 1002(21)(A)(iii) provides that "a person is a fiduciary with respect to a plan to the extent … he has any discretionary authority or discretionary responsibility in the *administration* of such plan." (Emphasis added.)

beneficiaries, or fiduciaries of the Pilot Plan. *Id.* at 1059-61. Here, as set forth above, McCaffree as administrator and thus fiduciary of the McCaffree Plan has a direct claim under 29 U.S.C. § 1132(a)(2) and (a)(3) against Principal with respect to the participants and beneficiaries of that Plan even without resort to the rule set forth in *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422 (6th Cir. 1998).[2]

*In re Express Scripts, Inc., PBM Litig.*, Master Case No. 4:05-MD-01672-SNL, Member Case No. 4:05-CV-00862, 2007 WL 4333380 at *3-6 (E.D. Mo. Dec. 7, 2007), involved the issue of whether an ERISA plan was itself a proper plaintiff under Section 1132(a)(2) and, relatedly, whether the complaint alleged that the plan was a fiduciary. Similarly, *Minnesota Laborers Health and Welfare Fund v. Greenworks, Inc.*, No. 03-888 (PAM/RLE), 2003 WL 21488149 at *1-2 (D. Minn. June 20, 2003) turned on the first of these issues. Here, the McCaffree Plan is not the plaintiff – rather, McCaffree as the administrator (and thus fiduciary) of the Plan is the plaintiff.

Finally, *Century Planners, Ltd. V. Teamsters & Employers Welfare Trust of Illinois*, 718 F. Supp. 1439, 1440-41 (E.D. Mo. 1989) is even more inapposite. The plaintiff there was a third-party claims administrator rather than a plan administrator as defined under ERISA and improperly sought monetary recovery for its own account rather than on behalf of plan.

---

[2]The court in *Hastings* declined to either adopt or reject the rule of *Fallick*. *Hastings*, 516 F.3d at 1061. McCaffree understands the Court's Show Cause Order as not raising the issue of whether McCaffree may represent participants and beneficiaries of plans other than the McCaffree Plan. It should be noted, however, that another court in this district has expressly adopted *Fallick*. *In re Principal U.S. Property Account ERISA Litig.*, 274 F.R.D. 649, 652-58 (S.D. Iowa 2011).

### B. As the Party That Contracted With Principal to be a Fiduciary for the McCaffree Plan, McCaffree is Necessarily a Fiduciary of that Plan

The Complaint discloses another, independent basis on which to find that McCaffree has adequately alleged its standing to sue as a plan fiduciary. The Complaint alleges that Principal is a fiduciary of the McCaffree Plan because it acknowledges in the Group Annuity Contract that, as an "Investment Manager," it is a plan fiduciary, Compl. at ¶ 16, and because it acts as a fiduciary by exercising discretionary control over the management of certain plan assets and administration of the plan, Compl. at ¶¶ 55-56. The Complaint also alleges that McCaffree is the counterparty to the Group Annuity Contract by which Principal exercises these fiduciary functions. Compl. at ¶ 5.

As a party to the Group Annuity Contract with Principal, McCaffree has the power to select and retain Principal as a plan fiduciary and concomitant obligation to monitor Principal's conduct as a fiduciary. Thus, McCaffree itself must be a plan fiduciary with respect to its dealings with Principal. *See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996) (plan sponsor had standing to bring ERISA claim against other plan fiduciaries because sponsor had the power to "appoint, retain and remove plan fiduciaries," which constitutes "'discretionary authority' over the management or administration of a plan within the meaning of § 1002(21)(A)"); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 312 F. Supp. 2d 1165, 1176 (D. Minn. 2004) ("A person with discretionary authority to appoint, maintain and remove plan fiduciaries is himself deemed a fiduciary with respect to the exercise of that authority."); *Mehling v. New York Life Ins. Co.*, 163 F. Supp. 2d 502, 509-10 (E.D. Pa. 2001) ("New York Life was the sponsor of the Plans and therefore, had the sole responsibility for

appointing and retaining the named fiduciary of the Plans. This responsibility itself is a fiduciary function.")

McCaffree has standing to sue Principal as a fiduciary to further its obligations to select, retain, and monitor other plan fiduciaries. *Coyne & Delany Co.*, 98 F.3d at 1466 ("This oversight authority would be unnecessarily constricted unless Delany, as fiduciary, has standing to assert claims for any ERISA violations it uncovered in monitoring the Plan Administrator and Plan Supervisor.") This Court therefore has subject matter jurisdiction over McCaffree's ERISA claims.

      **C.    Because ERISA Allows Plan Fiduciaries to Sue on Behalf of Plan Participants and Beneficiaries, McCaffree Also Has Article III Standing**

Standing under Article III requires "'injury in fact' to the plaintiff that is 'fairly traceable to the challenged action of the defendant' and 'likely [to] be redressed by a favorable decision.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009), *quoting Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992). While Article III standing is distinct from statutory standing under ERISA, it is well-settled that Congress by statute may create a right the invasion of which is sufficient to confer Article III standing. *See Financial Institutions Retirement Fund v. Office of Thrift Supervision*, 964 F.2d 142, 147 (2d Cir. 1992) (holding that ERISA creates such rights that may be vindicated by those persons enumerated in 29 U.S.C. § 1132(a)), *citing Warth v. Seldin*, 422 U.S. 490, 499-500, 95 S. Ct. 2197, 2205-06 (1975). *See also Connecticut General Life Ins. Co. v. La Peer Surgery Center LLC*, No. 2:13-cv-03726-CAS (JCGx), 2014 WL 961806, *4 (C.D. Cal. March 12, 2014) (rejecting argument that fiduciary for plans lacked standing because any recovery would flow to the plans: "ERISA

fiduciaries hav[e] standing under both Article III and ERISA itself to assert claims on behalf of the plans they administer.")

While the injury in fact requirement generally requires injury to the plaintiff's personal interests, Article III standing is also satisfied where, by statute or long-established practice, a party may have representative standing to pursue a claim on behalf of another. *Vt. Agency of Natural Res. V. United States ex rel. Stevens*, 529 U.S. 765, 771-73, 120 S. Ct. 1858, 1862-63 (2000) (relator in *qui tam* action had Article III standing as assignee pursuant to False Claims Act of the Government's damages claim). It cannot be questioned that a trustee has Article III standing to recover for injury to the trust corpus and/or the trust beneficiaries, even though the trustee will not personally benefit from the recovery. *See Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269, 287-88, 128 S. Ct. 2531, 2543 (2008) ("[F]ederal courts routinely entertain suits which will result in relief for parties that are not themselves directly bringing suits" including "[t]rustees bring[ing] suits to benefit their trusts.").

ERISA is expressly modeled on trust law. *Varity Corp. v. Howe*, 516 U.S. 489, 496, 116 S. Ct. 1065, 1070 (1996) (ERISA "fiduciary duties draw much of their content from the common law of trusts, the law that governed most benefit plans before ERISA's enactment"); *Braden*, 588 F.3d at 602 ("traditional principles of trust law … inform our interpretation of ERISA"). Accordingly, ERISA specifically allows a plan fiduciary to bring a lawsuit alleging breach of fiduciary duty for the benefit of the plan and this statutory grant of standing is entirely consistent with Article III standing. 29 U.S.C. § 1132(a)(2) ("A civil action may be brought … by the Secretary, or by a participant, beneficiary or *fiduciary* for appropriate relief under section 1109 of this title") (emphasis added); 29 U.S.C. § 1109 ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries

by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach ….").

Here, the requirements of Article III standing are satisfied. The participants and beneficiaries of ERISA plans who invested in Principal Separate Accounts suffered an "injury in fact" through diminished investment returns. Compl. at ¶¶ 30, 31, 33, & 39. And, McCaffree may – pursuant to ERISA and the common law of trusts – seek relief for these injuries as the representative of the plans and the plans' participants and beneficiaries. These injuries are "fairly traceable" to Principal because the excessive fees charged by Principal directly caused these diminished investment returns. *Id.* Finally, these injuries will be redressed by a favorable decision because Principal will be made to restore the lost investment returns if McCaffree prevails its claims. The fact that such funds will flow through McCaffree and the plans before being distributed to the participants and beneficiaries of the plans is irrelevant to the redressability element of standing. *See Sprint Communications*, 554 U.S. at 286-87, 128 S. Ct. at 2542-43 (fact that assignees would remit litigation proceeds to assignors did not mean that injury could not be redressed through litigation). McCaffree has adequately alleged all requirements for Article III standing.

### D. If the Court Finds that McCaffree Has Not Adequately Alleged Standing, McCaffree Should be Granted Leave to Amend

If the Court finds that the allegations in the Complaint are insufficient to establish McCaffree's standing as an ERISA fiduciary, McCaffree respectively requests leave to file an amended complaint clarifying its fiduciary status with respect to the McCaffree Plan. *See In re Express Scripts, Inc., PBM Litig.*, 2007 WL 4333380 at *9 (finding plaintiff failed to adequately plead that it was an ERISA fiduciary but granting leave to amend: "under Rule 15(a) of the

9

Federal Rules of Civil Procedure, leave to amend should be freely granted when necessary to establish jurisdiction"). If necessary, McCaffree would allege among other things that: (1) it is the designated plan administrator in the operative documents for the McCaffree Plan and as such possessed and exercised discretionary authority to administer the Plan; (2) it is also the designated "named fiduciary" of the McCaffree Plan and as such possessed and exercised discretionary authority to control and manage the Plan;[3] and (3) as administrator and named fiduciary, it possessed and exercised discretionary authority to select, retain, and monitor Principal as the "investment manager" and fiduciary for the McCaffree Plan.

## IV. CONCLUSION

For the foregoing reasons, this Court should find that: (1) McCaffree has adequately alleged that it is a fiduciary with respect to the McCaffree Plan, (2) as such, McCaffree has standing under ERISA and Article III to assert the ERISA claims in the Complaint; and (3) this Court therefore has federal subject matter jurisdiction over this action. In the alternative, McCaffree requests leave to file an amended complaint containing additional allegations to establish its standing.

---

[3] ERISA requires that a governed plan be "established and maintained pursuant to a written agreement" and such agreement "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). McCaffree, in addition to being the administrator of the McCaffree Plan, is also designated the "named fiduciary" in the Plan documents.

Dated this 14th day of May, 2014.

/s/ Joseph R. Gunderson
Joseph R. Gunderson, Esq.   AT0003031
**Gunderson Sharp, LLP**
321 E. Walnut Street, Suite 300
Des Moines, IA  50309
Telephone:  (515) 288-0219
Facsimile:  (515) 288-0328
Email:  jgunderson@midwest-law.com

John F. Edgar
John M. Edgar
**EDGAR LAW FIRM LLC**
1032 Pennsylvania Avenue
Kansas City, Missouri 64105
Tel: (816) 531-0033
Fax: (816) 531-3322
jfe@edgarlawfirm.com
jme@edgarlawfirm.com

Garrett W. Wotkyns
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Telephone: (480) 428-0143
Facsimile: (866) 505-8036
gwotkyns@schneiderwallace.com

Jason H. Kim
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
180 Montgomery Street, Suite 2000
San Francisco, California  94104
Tel: (415) 421-7100
Fax: (415) 421-7105
jkim@schneiderwallace.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Joseph R. Gunderson
      Attorney for Plaintiff