UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MCCAFFREE FINANCIAL CORP. ON BEHALF OF THE MCCAFFREE FINANCIAL CORP. EMPLOYEE RETIREMENT PROGRAM, on behalf of a class of those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 4:14-cv-102-SMR<br><br>Hon. Stephanie M. Rose<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

### Introduction

Principal Life's motion presents two threshold issues, either of which, if decided in favor of Principal Life, requires dismissal of the Complaint. The first issue is whether Principal Life can be liable for violating ERISA for charging fees that Plaintiff expressly authorized in its contract with Principal Life. The second is whether Plaintiff has plausibly alleged that Principal Life acted as a fiduciary under ERISA when assessing those same fees.

Plaintiff all but ignores the first issue. Yet under ERISA, as under contract law, a defendant cannot be liable for assessing fees it was authorized to assess. That can be the beginning and the end of the Court's analysis. But if the Court reaches the second issue, it should find that Plaintiff has not adequately alleged that Principal Life acted as a fiduciary when taking the action subject to complaint, namely charging fees that, again, were authorized by contract.

Plaintiff's theories of fiduciary status have either been rejected by the courts or do not implicate the fees challenged in this case.[1]

## Argument

I.  **Principal Life Cannot Be Liable for Assessing Fees That Plaintiff Authorized It to Assess.**

Under ERISA, as in the rest of life, there's no such thing as a free lunch. Principal Life provides services to 401(k) plans like Plaintiff's, and the law does not require it to provide those services for free. Charging fees authorized by a contract does not violate ERISA. *See*, *e.g.*, *Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 473-75 (7th Cir. 2007); *Seaway Food Town, Inc. v. Medical Mut.*, 347 F.3d 610, 619 (6th Cir. 2003); *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 31 (2d Cir. 2002) (reversing finding that insurance company's "collection of its agreed-upon compensation under the Contract was a breach of its fiduciary duty").

Plaintiff does not challenge this commonsensical rule. As a result, if the allegedly "excessive" fees Plaintiff is challenging were authorized by Plaintiff's contract, then Plaintiff's claims must be dismissed.

Plaintiff's contract with Principal Life – which, as Plaintiff concedes by citing it itself (Doc. 42 at 1, 3-5, 7-8, 15), may be considered in connection with a motion to dismiss – provides for different kinds of fees, two of which are challenged here. The first, called a "Management Fee," is clearly and specifically laid out in a table in the contract. *See* Doc. 34-3 at 27-31. Depending on the separate account, the fee ranges from zero to 2.86 percent, with most at 1.51

---

[1] Contrary to Plaintiff's argument (Doc. 42 at 6), courts have regularly dismissed lawsuits at the pleading stage where the complaint provided no plausible basis for defendant's fiduciary status under ERISA. *See*, *e.g.*, *Hecker v. Deere & Co.*, 556 F.3d 575, 583-84 (7th Cir. 2009); *Caremark*, 474 F.3d at 475-77; *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1102 (9th Cir. 2004); *Zang v. Paychex, Inc.*, 728 F. Supp. 2d 261, 274 (W.D.N.Y. 2010).

percent. *See id.* Plaintiff contends that the fee "was expressed as a maximum and Principal retained considerable discretion to charge less than that," Doc. 42 at 14, but this is not a plausible reading of the contract. The fees in place when Plaintiff entered into the contract were set at precise amounts – down to the hundredth of a percent. *See* Doc. 34-3 at 27-31. Hypothetically, Principal Life could have increased those fees, and if it had the ERISA analysis would be different. But it never did, and Plaintiff does not allege to the contrary. *See Leimkuehler v. American United Life Ins. Co.*, 713 F.3d 905, 911-12 (7th Cir. 2013) (noting that fiduciary status under ERISA is "'limited to circumstances where the individual actually exercises some authority'") (quoting *Trustees of the Graphic Commnc'ns Int'l Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal*, 516 F.3d 719, 733 (8th Cir. 2008)). As a result, the fees now being challenged were precisely the ones Plaintiff authorized. A claim based on such fees does not pass the plausibility test of modern civil practice.

Rather than confronting this issue, Plaintiff engages in sleight of hand: It argues that because the Management Fee is not necessarily the only fee assessed at some point in the investment process, the Management Fee is somehow unauthorized. Doc. 42 at 15. This is a nonsequitur. One fee (authorized by contract) plus another fee (the propriety of which Plaintiff does not challenge) does not add up to an ERISA violation.

Plaintiff fares no better in its challenge of Principal Life's collection of Operating Expenses, another fee authorized by contract. Unlike the Management Fee, the Operating Expenses are not defined as a precise percentage, but instead are defined as "those charges which must be paid in order to operate a Separate Account or obtain investments for a Separate Account," followed by illustrative examples. *See* Doc. 34-3 at 18. Plaintiff complains that "the contract contains no disclosure of precisely how these expenses are calculated," Doc. 42 at 14,

but that is not the issue. Plaintiff is obliged to plead facts suggesting both that Principal Life served as a fiduciary and in so doing breached its fiduciary duty. For example, if Plaintiff had alleged that Principal Life had classified the cost of a company picnic as an "Operating Expense," he might have a viable claim, but the Complaint contains no such allegation – or any other allegation suggesting that the Operating Expenses were used for anything other than what the contract specifically authorizes.

Absent factual allegations of miscalculation or abuse in the assessment of Operating Expenses, Plaintiff has not "state[d] a claim to relief that is plausible on its face," as it must. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "An inference pressed by the plaintiff is not plausible if the facts he points to are precisely the result one would expect from lawful conduct in which the defendant is known to have engaged." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009).[2] In pressing its Operating Expenses theory, Plaintiff is asking the Court to infer an ERISA violation out of thin air.

## II. Plaintiff Has Not Alleged That Principal Life Acted as a Fiduciary When Assessing the Challenged Fees.

Plaintiff's claims fail at another level as well: Its theories of fiduciary status have either been rejected or involve activities that are distinct from the fees Plaintiff is challenging.

---

[2] Plaintiff's reliance on *Braden*, like its reliance on *Tussey v. ABB, Inc.*, 746 F.3d 327 (8th Cir. 2014) (*see* Doc. 42 at 16), is misplaced. Both cases involved claims against undisputed fiduciaries of 401(k) plans – the equivalent of Plaintiff here. The plaintiffs in *Braden* did not sue the service provider (the equivalent of Principal Life here), and the narrow judgment against the service provider in *Tussey* was reversed. If, as Plaintiff claims, the fees it authorized were "excessive and unnecessary," Doc. 42 at 2, *Braden* and *Tussey* suggest that the participants in Plaintiff's 401(k) plan have a claim against *Plaintiff*, not Principal Life.

First, no court has held that a service provider offering "a menu of investment options," Doc. 42 at 3, as Principal Life does, is a fiduciary act – even if the service provider tries to create a menu that will help its clients meet *their* fiduciary obligations to plan participants. *See id.* at 4-5, 7-8. Plaintiff's theory has been expressly and repeatedly rejected. *See*, *e.g.*, *Hecker*, 556 F.3d at 578; *Leimkuehler*, 713 F.3d at 911-12; *Zang*, 728 F. Supp. 2d at 272. The customer of the service provider – here, Plaintiff – acts as a fiduciary when it selects a service provider and chooses investment options from the service provider's menu, but the service provider does not become a fiduciary merely by offering the menu in the first place. *See generally id.* Plaintiff has offered no reason why this Court should depart from well-settled law on this point.

Second, Plaintiff claims that its claims "arise directly from Principal's responsibilities as an investment advisor [*sic*; the correct term is 'manager']," Doc. 42 at 1, and because an investment advisor is a fiduciary, Plaintiff has stated a claim. The flaw in this logic lies in its first premise: As the Complaint shows, Plaintiff's claims arise not from investment management, but rather from the assessment of fees authorized by contract. Plaintiff's claims have nothing to do with, for example, the selection of investment managers, or the selection of Apple stock rather than Microsoft stock for inclusion in a mutual fund. *Cf. Leimkuehler*, 713 F.3d at 913-14 (distinguishing insurer's potentially fiduciary control over separate accounts from claims for collecting excessive fees and holding that the latter was not a fiduciary act); *Harris Trust*, 302 F.3d at 26-27 (drawing analogous distinction). As a result, this theory, like Plaintiff's other theories, should be rejected, and the Complaint dismissed.

Dated: July 10, 2014                                   Respectfully submitted,

                                                                        /s/ Eric S. Mattson

Angel West, AT0008416
aaw@nyemaster.com
Nyemaster Goode, P.C.
700 Walnut Street
Suite 1600
Des Moines, Iowa 50309
Telephone: (515) 283-3167
Facsimile: (515) 283-3108

Joel S. Feldman
jfeldman@sidley.com
Eric S. Mattson
emattson@sidley.com
Jen C. Won
jwon@sidley.com
Sidley Austin LLP
One S. Dearborn St.
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for Defendant*
*Principal Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that on July 10, 2014, I electronically filed the foregoing Defendant's Reply in Support of Motion to Dismiss with the Clerk of Court using the ECF system, which will send notification of the filing to the parties participating in the Court's electronic filing system.

/s/ Eric S. Mattson